IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN DAVID BRANNON and<br>TERESA GAYLE BRANNON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| FINANCE AMERICA, LLC;<br>BNC MORTGAGE, INC.;<br>LEHMAN BROTHERS BANK, FSB;<br>LEHMAN BROTHERS HOLDINGS, INC.;<br>DANA CAPITAL GROUP, INC.;<br>BRIDGE CAPITAL CORPORATION;<br>RESIDENTIAL FINANCE AMERICA, LLC<br>a/k/a RFA, LLC; and TIEMPO ESCROW II,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.: 1:06CV996 MHT |

ANSWER OF FINANCE AMERICA, LLC, BNC MORTGAGE, INC,
LEHMAN BROTHERS BANK, FSB AND LEHMAN BROTHERS HOLDING, INC.

COME NOW Defendants Finance America ("FA"), BNC Mortgage, Inc. ("BNC"), Lehman

Brothers Bank, FSB ("LBB") and Lehman Brothers Holding, Inc. ("LBHI") referred to herein

collectively as "these Defendants" unless individual designation is required.

**FIRST DEFENSE**

**PARTIES**

1.    Upon information and belief these Defendants admit.

2.    These Defendants admit that at the time of the Plaintiffs' underlying mortgage

transaction at issue, Finance America was a California limited liability company. Finance America

is now known as BNC Mortgage, Inc.

3.    These Defendants admit.

4.    These Defendants admit.

5.    The averments of Paragraph Five (5) of the Plaintiffs' Complaint do not require a response by these Defendants; however, to the extent the averments of Paragraph Five (5) seek to impose liability upon these Defendants, these Defendants deny the same and demand strict proof thereof.

6.    These Defendants are without sufficient information to either admit or deny the averments of Paragraph Six (6) of Plaintiffs' Complaint, and therefore deny the same and demand strict proof thereof.

7.    These Defendants are without sufficient information to either admit or deny the averments of Paragraph Seven (7) of Plaintiffs' Complaint, and therefore deny the same and demand strict proof thereof.

8.    These Defendants are without sufficient information to either admit or deny the averments of Paragraph Eight (8) of Plaintiffs' Complaint, and therefore deny the same and demand strict proof thereof.

9.    These Defendants are without sufficient information to either admit or deny the averments of Paragraph Nine (9) of Plaintiffs' Complaint, and therefore deny the same and demand strict proof thereof.

## JURISDICTION and VENUE

10.    These Defendants admit.

11.    These Defendants admit.

12.    These Defendants admit.

13.    These Defendants admit.

## FACTUAL ALLEGATIONS

14.    These Defendants are without sufficient information to either admit or deny the averments of Paragraph Fourteen (14) of Plaintiffs' Complaint, and therefore deny the same and demand strict proof thereof.

15.    These Defendants are without sufficient information to either admit or deny the averments of Paragraph Fifteen (15) of Plaintiffs' Complaint, and therefore deny the same and demand strict proof thereof.

16.    The allegations and averments of Paragraph Sixteen (16) do not appear to require a response by these Defendants; however, to the extent the allegations and averments of Paragraph Sixteen (16) seek to impose liability upon these Defendants, the same are denied and strict proof thereof is demanded.

17.    The allegations and averments of Paragraph Seventeen (17) do not appear to require a response by these Defendants; however, to the extent the allegations and averments of Paragraph Seventeen (17) seek to impose liability upon these Defendants, the same are denied and strict proof thereof is demanded.

18.    These Defendants are without sufficient information to either admit or deny the allegations and averments of Paragraph Eighteen (18), and therefore deny the same and demand strict proof thereof.

19.    These Defendants are without sufficient information to either admit or deny the allegations and averments of Paragraph Nineteen (19) and therefore deny the same and demand strict proof thereof.

20.     These Defendants are without sufficient information to either admit or deny the allegations and averments of Paragraph Twenty (20) and therefore deny the same and demand strict proof thereof.

21.     These Defendants are without sufficient information to either admit or deny the allegations and averments of Paragraph Twenty-One (21) and therefore deny the same and demand strict proof thereof.

22.     These Defendants are without sufficient information to either admit or deny the allegations and averments of Paragraph Twenty-Two (22) and therefore deny the same and demand strict proof thereof.

23.     These Defendants deny any misrepresentation to Plaintiffs as alleged in Paragraph Twenty-Three (23) of the Plaintiff's Complaint and affirmatively state that the documents attached as Exhibits E and F are written documents that speak for themselves. These Defendants further deny all remaining allegations of Paragraph Twenty-Three (23) and demand strict proof thereof.

24.     These Defendants are without sufficient information to either admit or deny the allegations and averments of Paragraph Twenty-Four (24) and therefore deny the same and demand strict proof thereof.

25.     These Defendants deny the allegations and averments of Paragraph Twenty-Five (25) to the extent they seek to impose liability upon these Defendants, and demand strict proof thereof. Moreover, these Defendants affirmatively state that the documents attached as Exhibit G and Exhibit H are written documents that speak for themselves. Defendants are without sufficient information to admit or deny any purported representation of other parties or non-parties hereto.

4

26.    These Defendants are without sufficient information to either admit or deny the allegations and averments of Paragraph Twenty-Six (26) and therefore deny the same and demand strict proof thereof.

27.    These Defendants are without sufficient information to either admit or deny the allegations and averments of Paragraph Twenty-Seven (27) and therefore deny the same and demand strict proof thereof.

28.    These Defendants are without sufficient information to either admit or deny the allegations and averments of Paragraph Twenty-Eight (28) and therefore deny the same and demand strict proof thereof.

29.    These Defendants are without sufficient information to either admit or deny the allegations and averments of Paragraph Twenty-Nine (29) and therefore deny the same and demand strict proof thereof.  Furthermore, these Defendants affirmatively deny they were notified of or provided the documents attached as Exhibit I to the Plaintiffs' Complaint, and to the extent the allegations and averments of Paragraph Twenty-Nine (29) seek to impose liability on these Defendants, these Defendants deny the same and demand strict proof thereof.

30.    These Defendants deny the allegations of Paragraph Thirty (30) of the Plaintiffs' Complaint and demand strict proof thereof.

31.    These Defendants deny the allegations of Paragraph Thirty-One (31) as it relates to these Defendants, and deny any liability to the Plaintiffs arising from or relating to the allegations and averments asserted in Paragraph Thirty-One (31), and demand strict proof thereof.

32.    These Defendants deny the allegations of Paragraph Thirty-Two (32) of the Plaintiffs' Complaint and demand strict proof thereof.

5

33.     These Defendants deny the allegations of Paragraph Thirty-Three (33) of the Plaintiffs' Complaint and demand strict proof thereof.

34.     These Defendants deny the allegations of Paragraph Thirty-Four (34) of the Plaintiffs' Complaint and demand strict proof thereof.

35.     These Defendants deny the allegations of Paragraph Thirty-Five (35) of the Plaintiffs' Complaint and demand strict proof thereof.

36.     These Defendants deny the allegations of Paragraph Thirty-Six (36) of the Plaintiffs' Complaint and demand strict proof thereof.

37.     These Defendants deny the allegations of Paragraph Thirty-Seven (37) of the Plaintiffs' Complaint and demand strict proof thereof.

38.     These Defendants deny the allegations of Paragraph Thirty-Eight (38) of the Plaintiffs' Complaint and demand strict proof thereof.

## COUNT I

### Negligence

39.     These Defendants adopt and incorporate their responses to Paragraphs One (1) through Thirty-Eight (38) of the Plaintiffs' Complaint as if the same were set forth here *in extenso*.

40.     These Defendants deny each and every allegation of Paragraph Forty (40) of the Plaintiffs' Complaint and demand strict proof thereof. Moreover, these Defendants deny that any alleged act or omission on their part is the cause of any damages alleged by the Plaintiffs, and further deny that Plaintiffs are entitled to damages against them as set forth in Paragraph Forty (40) of the Plaintiffs' Complaint and demand strict proof thereof.

41.     These Defendants deny each and every allegation of Paragraph Forty-One (41) of the Plaintiffs' Complaint and demand strict proof thereof. Moreover, these Defendants deny that any alleged act or omission on their part is the cause of any damages alleged by the Plaintiffs, and further deny that Plaintiffs are entitled to damages against them as set forth in Paragraph Forty-One (41) of the Plaintiffs' Complaint and demand strict proof thereof.

42.     These Defendants deny each and every allegation of Paragraph Forty-Two (42) of the Plaintiffs' Complaint and demand strict proof thereof. Moreover, Finance America affirmatively denies any oral pre-closing disclosures to the Plaintiffs as alleged in Paragraph Forty-Two (42) and demands strict proof thereof.

43.     These Defendants deny each and every allegation of Paragraph Forty-Three (43) of the Plaintiffs' Complaint and demand strict proof thereof.

44.     Defendant Finance America admits it originated a loan for the Plaintiffs, but otherwise these Defendants, including Finance America, deny each and every allegation of Paragraph Forty-Four (44) of the Plaintiffs' Complaint not specifically admitted herein, and demand strict proof thereof. Moreover, these Defendants deny that any alleged act or omission on their part is the cause of any damages alleged by the Plaintiffs, and further deny that Plaintiffs are entitled to damages against them as set forth in Paragraph Forty (40) of the Plaintiffs' Complaint and demand strict proof thereof.

45.     These Defendants deny each and every allegation of Paragraph Forty-Five (45) of the Plaintiffs' Complaint and demand strict proof thereof. Moreover, these Defendants deny that any alleged act or omission on their part is the cause of any damages alleged by the Plaintiffs, and further deny that Plaintiffs are entitled to damages against them as set forth in Paragraph Forty-Five (45) of

the Plaintiffs' Complaint and demand strict proof thereof.

46.     These Defendants deny each and every allegation of Paragraph Forty-Six (46) of the Plaintiffs' Complaint and demand strict proof thereof. Moreover, these Defendants deny that any alleged act or omission on their part is the cause of any damages alleged by the Plaintiffs, and further deny that Plaintiffs are entitled to damages or relief against them as alleged in Paragraph Forty-Six (46) of the Plaintiffs' Complaint and demand strict proof thereof.

47.     These Defendants deny each and every allegation of Paragraph Forty-Seven (47) of the Plaintiffs' Complaint and demand strict proof thereof. Moreover, these Defendants deny that any alleged act or omission on their part is the cause of any damages alleged by the Plaintiffs, and further deny that Plaintiffs are entitled to damages or relief against them as alleged in Paragraph Forty-Seven (47) of the Plaintiffs' Complaint and demand strict proof thereof.

48.     These Defendants deny each and every allegation of Paragraph Forty-Eight (48) of the Plaintiffs' Complaint and demand strict proof thereof. Moreover, these Defendants deny that any alleged act or omission on their part is the cause of any damages alleged by the Plaintiffs, and further deny that Plaintiffs are entitled to damages or relief against them as alleged in Paragraph Forty-Eight (48) of the Plaintiffs' Complaint and demand strict proof thereof.

49.     These Defendants deny each and every allegation of Paragraph Forty-Nine (49) of the Plaintiffs' Complaint and demand strict proof thereof. Moreover, these Defendants deny that any alleged act or omission on their part is the cause of any damages alleged by the Plaintiffs, and further deny that Plaintiffs are entitled to damages or relief against them as alleged in Paragraph Forty-Nine (49) of the Plaintiffs' Complaint and demand strict proof thereof.

50.    These Defendants deny the allegations of Paragraph Fifty (50) of the Plaintiffs'
Complaint and demand strict proof thereof. Moreover, these Defendants deny they breached any
duty whatsoever to the Plaintiffs and demand strict proof thereof.

51.    These Defendants deny each and every allegation of Paragraph Fifty-One (51) of the
Plaintiffs' Complaint and demand strict proof thereof. Moreover, these Defendants deny that any
alleged act or omission on their part is the cause of any damages alleged by the Plaintiffs, and further
deny that Plaintiffs are entitled to damages or relief against them as alleged in Paragraph Fifty-One
(51) of the Plaintiffs' Complaint and demand strict proof thereof.

FURTHERMORE, these Defendants deny any liability to Plaintiffs and deny that Plaintiffs
are entitled to judgment and damages against them as alleged in the *ad damnum* clause to Count I
of the Plaintiffs' Complaint, and demand strict proof thereof.

## COUNT II

### Negligent Supervision

52.    These Defendants adopt and incorporate their responses to Paragraphs One (1)
through Fifty-One (51) of the Plaintiffs' Complaint as if the same were set forth here *in extenso*.

53.    These Defendants deny each and every allegation of Paragraph Fifty-Three (53) of
the Plaintiffs' Complaint and demand strict proof thereof. Moreover, these Defendants deny that any
alleged act or omission on their part is the cause of any damages alleged by the Plaintiffs, and further
deny that Plaintiffs are entitled to damages or relief against them as set forth in Paragraph Fifty-
Three (53) of the Plaintiffs' Complaint and demand strict proof thereof.

FURTHERMORE, these Defendants deny any liability to Plaintiffs and deny that Plaintiffs
are entitled to judgment and damages against them as alleged in the *ad damnum* clause to Count II

of the Plaintiffs' Complaint and demand strict proof thereof.

## COUNT III

### Promissory Fraud

#### Fraud

54.    These Defendants adopt and incorporate their responses to Paragraphs One (1) through Fifty-Three (53) of the Plaintiffs' Complaint as if the same were set forth here *in extenso*.

55.    These Defendants deny each and every allegation of Paragraph Fifty-Five (55) of Plaintiffs' Complaint and demand strict proof thereof.

56.    These Defendants deny each and every allegation of Paragraph Fifty-Six (56) of Plaintiffs' Complaint and demand strict proof thereof.  Moreover, Defendant Finance America affirmatively denies any misconduct as alleged by Plaintiffs in Paragraph Fifty-Five (55) and demands strict proof thereof.

57.    These Defendants deny each and every allegation of Paragraph Fifty-Seven (57) of Plaintiffs' Complaint and demand strict proof thereof.  Moreover, Defendant Finance America affirmatively denies any misconduct as alleged by Plaintiffs in Paragraph Fifty-Seven (57) and demands strict proof thereof.

58.    These Defendants deny the allegations of Paragraph Fifty-Eight (58) of the Plaintiffs' Complaint and demand strict proof thereof.  Moreover, Defendant Finance America specifically denies any misconduct as alleged by the Plaintiffs in Paragraph Fifty-Eight (58) and demand strict proof thereof.

59.    These Defendants deny each and every allegations of Paragraph Fifty-Nine (59) of the Plaintiffs' Complaint and demand strict proof thereof.

60.    These Defendants deny the allegations of Paragraph Sixty (60) of the Plaintiffs' Complaint and demand strict proof thereof.  Moreover, these Defendants deny that any alleged act or omission on their part is the cause of any damages alleged by the Plaintiffs, and demand strict proof thereof.

FURTHERMORE, these Defendants deny any liability to Plaintiffs and deny that Plaintiffs are entitled to judgment and damages against them as alleged in the *ad damnum* clause to Count III of the Plaintiffs' Complaint and demand strict proof thereof.

## COUNT IV

### Negligence Per Se

61.    These Defendants adopt and incorporate their responses to Paragraphs One (1) through Sixty (60) of the Plaintiffs' Complaint as if the same were set forth here *in extenso*.

62.    These Defendants deny each and every allegation of Paragraph Sixty-Two (62) of the Plaintiffs' Complaint and demand strict proof thereof.  Moreover, Defendant Finance America specifically denies any misconduct as alleged by the Plaintiffs in Paragraph Sixty-Two (62) of their Complaint and demand strict proof thereof.

63.    The allegations of Paragraph Sixty-Three (63) do not appear to require a response by these Defendants; however, to the extent the allegations of Paragraph Sixty-Three (63) seek to assert misconduct or impose liability upon these Defendants, these Defendants deny the same and demand strict proof thereof.

FURTHERMORE, these Defendants deny any liability to Plaintiffs and deny that Plaintiffs are entitled to judgment and damages against them as alleged in the *ad damnum* clause to Count IV of the Plaintiffs' Complaint and demand strict proof thereof.

11

## COUNT V

### Violations of the Federal Truth in Lending Act

64.    These Defendants adopt and incorporate their responses to Paragraphs One (1) through Sixty-Three (63) of the Plaintiffs' Complaint as if the same were set forth here *in extenso*.

65.    These Defendants deny each and every allegation of Paragraph Sixty-Five (65) of Plaintiffs' Complaint, including all subparts, and demand strict proof thereof. Moreover, Defendant Finance America specifically denies any misconduct or violation of TILA as alleged by the Plaintiffs in Paragraph Sixty-Five (65), including subparagraphs (a) through (i), and demand strict proof thereof.

FURTHERMORE, these Defendants deny that Plaintiffs are entitled to any relief requested as against these Defendants, including but not limited to recission, statutory trebled or doubled damages, actual damages, costs and attorneys fees as against these Defendants and demand strict proof thereof.

## COUNT VI

### Violations of Real Estate Settlement Procedures Act

66.    These Defendants adopt and incorporate their responses to Paragraphs One (1) through Sixty-Five (65) of the Plaintiffs' Complaint as if the same were set forth here *in extenso*.

67.    These Defendants, upon information and belief, admit.

68.    These Defendants admit Plaintiffs paid settlement charges pertaining to the loan in question, but these Defendants affirmatively state that the precise nature and amount of those payments are set forth in the HUD1 Settlement Statement which is a written document that speaks for itself. To the extent that the allegations and averments of Paragraph Sixty-Eight (68) seek to

12

impose liability or allege misconduct on the part of these Defendants, these Defendants deny the same and demand strict proof thereof.

69.     Defendant Finance America admits that, upon information and belief, a Yield Spread Premium was applicable to the Plaintiffs' loan transaction; however, to the extent the allegations and averments of Paragraph Sixty-Nine (69) seek to allege misconduct or impose liability upon these Defendants generally, and Finance America particularly, these Defendants deny the same and demand strict proof thereof.

70.     These Defendants deny each and every allegation and averment of Paragraph Seventy (70) of the Plaintiffs' Complaint and demand strict proof thereof.

71.     These Defendants deny each and every allegation and averment of Paragraph Seventy-One (71) of the Plaintiffs' Complaint and demand strict proof thereof.

FURTHERMORE, these Defendants deny that Plaintiffs are entitled to any relief requested as against these Defendants, and demand strict proof thereof.

## COUNT VII

### Violations of the Fair Credit Reporting Act

72.     These Defendants adopt and incorporate their responses to Paragraphs One (1) through Seventy-Two (72) of the Plaintiffs' Complaint as if the same were set forth here *in extenso*.

73.     To the extent the allegations and averments of Paragraph Seventy-Three (73) seek to allege misconduct or impose liability upon these Defendants generally and Finance America particularly, these Defendants deny the same and demand strict proof thereof.

74.     To the extent the allegations and averments of Paragraph Seventy-Four (74) of the Plaintiffs' Complaint seek to impose liability upon these Defendants generally and Finance America

13

particularly, these Defendants deny the same and demand strict proof thereof.

75.    These Defendants deny each and every allegation and averment of Paragraph Seventy-Five (75) of the Plaintiffs' Complaint and demand strict proof thereof.

76.    These Defendants deny misconduct as alleged or liability with regard to the allegations and averments of Paragraph Seventy-Six (76) of the Plaintiffs' Complaint, and demand strict proof thereof.

FURTHERMORE, these Defendants deny that Plaintiffs are entitled to any relief requested as against these Defendants, and demand strict proof thereof.

## COUNT VIII

### Violations of the Equal Credit Opportunity Act

77.    These Defendants adopt and incorporate their responses to Paragraphs One (1) through Seventy-Six (76) of the Plaintiffs' Complaint as if the same were set forth here *in extenso*.

78.    These Defendants admit that Finance America was or may be deemed to have been a creditor within the meaning of the Equal Credit Opportunity Act; however, to the extent the allegations and averments of Paragraph Seventy-Eight (78) seek to allege misconduct or impose liability upon these Defendants, these Defendants deny the same and demand strict proof thereof.

79.    These Defendants admit a credit decision was made with regard to the Plaintiffs' loan application; however, to the extent the allegations and averments of Paragraph Seventy-Nine (79) seek to allege misconduct or impose liability upon these Defendants, these Defendants deny the same and demand strict proof thereof.

80.    These Defendants deny the allegations of Paragraph Eighty (80) of the Plaintiffs' Complaint and demand strict proof thereof.

14

81.     These Defendants deny the allegations of Paragraph Eighty-One (81) of the Plaintiffs' Complaint and demand strict proof thereof.

82.     These Defendants deny the allegations and averments of Paragraph Eighty-Two (82) of the Plaintiffs' Complaint and demand strict proof thereof.

83.     These Defendants deny the allegations of Paragraph Eighty-Three (83) of the Plaintiffs' Complaint and demand strict proof thereof.

FURTHERMORE, these Defendants deny that Plaintiffs are entitled to judgment and damages, including statutory and/or punitive damages, costs, and attorneys fees as against them as set forth in the *ad damnum* clause to County VIII of the Plaintiffs' Complaint and demand strict proof thereof.

## COUNT IX

### Damages

84.     These Defendants adopt and incorporate their responses to Paragraphs One (1) through Eighty-Three (83) of the Plaintiffs' Complaint as if the same were set forth here *in extenso*.

85.     These Defendants deny any wrongful act, omission, or conduct as alleged by the Plaintiffs and further deny that the Plaintiffs have been injured or damaged as alleged in Paragraph Eighty-Five (85), including subparts (a) and (b), and demand strict proof thereof.

86.     These Defendants deny any wrongful act, omission or misconduct as alleged by the Plaintiffs, and further deny that Plaintiffs are entitled to judgment or damages, including compensatory, statutory and/or punitive damages, as against these Defendants, and demand strict proof thereof.

**PRAYER FOR RELIEF**

87.    These Defendants adopt and incorporate their responses to Paragraphs One (1) through Eighty-Six (86) of the Plaintiffs' Complaint as if the same were set forth here *in extenso*.

88.    These Defendants deny that Plaintiffs are entitled to judgment or any relief as against them, as Plaintiffs pray in Paragraph Eighty-Eight (88), including all subparts, and demand strict proof thereof.

**SECOND DEFENSE**

These Defendants affirmatively state that as to any and all paragraphs of the Plaintiffs' Complaint not otherwise specifically admitted, denied or responded to above, these Defendants deny all such paragraphs and allegations and averments therein and demand strict proof thereof.

**THIRD DEFENSE**

These Defendants affirmatively state that the Plaintiffs' Complaint fails to state a claim upon which relief can be granted as to some or all of these Defendants.

**FOURTH DEFENSE**

These Defendants affirmatively allege that the Plaintiffs have failed to mitigate their damages.

**FIFTH DEFENSE**

These Defendants affirmatively alleges that as to any wrongful act or omission which any of these Defendants may ultimately be adjudicated to have committed and/or omitted, all such acts were made without any intent to harm or damage the Plaintiffs, and all such acts or omissions were not willful or wanton.

## SIXTH DEFENSE

These Defendants affirmatively allege that the Plaintiffs' alleged damages, if any, were not proximately caused by any act, omission or conduct on the part of these Defendants.

## SEVENTH DEFENSE

These Defendants affirmatively allege that Plaintiffs' alleged damages, if any, were not proximately caused by any act, omission or conduct on the part of these Defendants but rather are attributable to acts or omission of other parties are non-parties hereto, who are not within or under the control or supervision of these Defendants.

## EIGHTH DEFENSE

These Defendants affirmatively allege that Plaintiffs' alleged damages, if any, were not proximately caused by any act, omission or conduct on the part of these Defendants but are instead proximately caused by the contributory negligence of Plaintiffs themselves, or Plaintiffs' assumption of the risk.

## NINTH DEFENSE

Plaintiffs' claims for punitive damages violate these Defendant's constitutional rights guaranteed by the Eighth Amendment of the Constitution of the United States of America in that said claims constitute an illegal fine.

## TENTH  DEFENSE

Plaintiffs' claims for punitive damages violate these Defendant's rights as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America in that said claims are attempts to acquire the property of the Defendant, through state action, without due process of law.

**ELEVENTH DEFENSE**

Plaintiffs' claims for punitive damages violate these Defendant's rights guaranteed by the Fourteenth Amendment of the Constitution of the United States of America in that said claims are vague and not rationally related to legitimate government interests.

**TWELFTH DEFENSE**

Plaintiffs' claims for punitive damages violate the double jeopardy clause of the Constitution of the United States of America.

**THIRTEENTH DEFENSE**

The imposition of punitive damages against these Defendants would violate the due process clause of the Constitution of the United States and the due process clause of the Alabama Constitution.

**FOURTEENTH DEFENSE**

Any claim for punitive damages or damages for mental anguish against these Defendants cannot be sustained because an award of such damages by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness or appropriate size of a damages award, (2) is not instructed on the limits on damages imposed by the applicable principle of deterrence and punishment, (3) is not expressly prohibited from awarding damages, or determining the amount of an award of damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award damages under a standard for determining liability for damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate the Defendant's due process and equal protection rights guaranteed by the Fourteenth

18

Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama Constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

## FIFTEENTH DEFENSE

Any claim for punitive damages against these Defendants cannot be sustained because of an award of damages without proof of every element beyond a reasonable doubt would violate the Defendant's due process rights under the Fourteenth Amendment of the United States Constitution.

## SIXTEENTH DEFENSE

Any claim for punitive damages against these Defendant cannot be sustained, because any such award of damages would constitute an excessive fine and cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution and the Eighth Amendment as incorporated into the Fourteenth Amendment and the Alabama Constitution provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

## SEVENTEENTH DEFENSE

Plaintiffs' claims for punitive damages violate these Defendants' rights as guaranteed by the Fifth Amendment of the Constitution of the United States of America in that punitive damages are penal in nature, yet the Defendants may be compelled to disclose potentially incriminating documents in evidence and to testify against itself.

## EIGHTEENTH DEFENSE

Plaintiffs' claims for punitive damages violate these Defendants' rights guaranteed by the Constitution of the State of Alabama in that they are penal in nature yet require a burden of proof by Plaintiffs which is less than beyond a reasonable doubt.

## NINETEENTH DEFENSE

Plaintiffs' claims for punitive damages violate Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, property, except by due process of law, in that the punitive damages are vague and are not rationally related to legitimate government interests.

## TWENTIETH DEFENSE

Imposition of punitive damages in this action against these Defendants, or any one of them, without a statutory limit as to the amount of said damages violates the Due Process Clause and the Defendants' guarantee of equal protection as required by the Constitution of the State of Alabama.

## TWENTY-FIRST DEFENSE

Any claim for punitive damages against these Defendants cannot be sustained because an award of damages under state law for the purpose of compensating Plaintiffs for elements of damage not otherwise recognized by Alabama law would violate the Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

## TWENTY-SECOND DEFENSE

Any claim for punitive damages against these Defendants cannot be sustained because an award of damages under Alabama law without the same protections that are afforded to all criminal defendants, including protection against unreasonable searches and seizures, double jeopardy, self-incrimination, the right to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate the Defendants' rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth

20

Amendment and the Alabama constitutional provisions providing for due process and the rights to confront witnesses, a speedy trial and effective assistance of counsel and protection against unreasonable searches and seizures, double jeopardy and compelled self-incrimination.

### TWENTY-THIRD DEFENSE

Any claim for punitive damages against these Defendants cannot be sustained, because any such award of damages exceeding the limits authorized by the Alabama Criminal Code would constitute an excessive fine and cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution and the Eighth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims for punitive damages violate Article I, Section 6 of the Constitution of the State of Alabama in that they are penal in nature, yet the Defendants may be compelled to disclose potentially incriminating documents in evidence and to testify against itself.

### TWENTY-FIFTH DEFENSE

These Defendants affirmatively states that any award of punitive damages is governed and limited by Alabama Code § 6-11-21, including all relevant subparts.

### TWENTY-SIXTH DEFENSE

These Defendants reserve the right to amend this Answer as additional, further, or different information is obtained in the course of these proceedings.

Respectfully submitted this 8th day of December, 2006.

<div style="margin-left: 50%;">

s/ Mindi C. Robinson

**MINDI C. ROBINSON (SJIS No. ROB113)**
**COUNSEL FOR FINANCE AMERICA,**
**LLC; BNC MORTGAGE, INC.;**
**LEHMAN BROTHERS BANK, FSB;**
**LEHMAN BROTHERS HOLDINGS,**
**INC.**

</div>

**OF COUNSEL:**
SLATEN & O'CONNOR, P.C.
Winter-Loeb Building, Suite 101
105 Tallapoosa Street
Montgomery, AL 36104
(334) 396-8882 (P)
(334) 396-8880 (F)
mrobinson@slatenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and complete copy of the foregoing document upon the following parties by first-class mail, postage prepaid, on this the 8th day of December, 2006:

Robert E. Kirby, Jr.
Smith, Hanson & Kirby, LLC
4401 Gary Avenue
Fairfield, AL 35064

Bridge Capital Corporation
c/o CT Corporation System, Registered Agent
818 W. 7th Street
Los Angels, CA 90017

Residential Finance America, LLC
a/k/a RFA, LLC
c/o National Registered Agents, Inc., Registered Agent
150 S. Perry Street
Montgomery, AL 36104

Dana Capital Group, Inc.
c/o The Corporation Company, Registered Agent
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

s/ Mindi C. Robinson
OF COUNSEL

F:\BNC Mortgage\Brannon\Pleadings\Answer.wpd

23