**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| JOHN DAVID BRANNON and | ) |
| TERESA GAYLE BRANNON, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   **Case No: 1:06-cv-00996-MHT-WC** |
| | ) |
| FINANCE AMERICA, LLC et al., | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANT BRIDGE CAPITAL CORPORATION'S BRIEF**
**IN SUPPORT OF ITS MOTION TO DISMISS**

COMES NOW the Defendant, Bridge Capital Corporation ("Bridge"), through counsel, and hereby submits its brief in support of its Motion to Dismiss, and as grounds therefor shows to the Court as follows; to wit:

1.    As previously submitted in Bridge's Motion to Dismiss, Bridge Capital Corporation is a California corporation that does not transact any business in the State of Alabama and has not ever transacted any business in the State of Alabama. Bridge has no offices in the State of Alabama and has no agents authorized to do business in Alabama, nor has Bridge ever had any offices in the State of Alabama or agents authorized to do business in Alabama.

2.    Bridge asserts that it does not have the minimum contacts with the State of Alabama as required by Ala. R. Civ. P. 4.2(b) that would allow prosecution of an action against it that would be consistent with the Constitution of the United States.

3.    It is well established that the party seeking to invoke the jurisdiction of a court has the burden of establishing that jurisdiction exists, and this burden cannot be shifted to the party challenging the jurisdiction. *Tetco Metal Products, Inc. v. Langham*, 387 F.2d 721 (5th Cir.-

1

OLD 1968).  Plaintiffs, therefore, have the burden of proving that Bridge has the minimum contacts necessary to sustain this action.

4.      In Alabama, "[t]wo types of contacts can form a basis for personal jurisdiction: general contacts and specific contacts.  General contacts, which give rise to general personal jurisdiction, consist of the defendant's contacts with the forum state that are unrelated to the cause of action and that are both 'continuous and systematic.' [citations omitted]. Specific contacts, which give rise to specific jurisdiction, consist of the defendant's contacts with the forum state that are related to the cause of action. [citations omitted].  Although the related contacts need not be continuous and systematic, they must rise to such a level as to cause the defendant to anticipate being haled into court in the forum state." *Ex parte Lagrone*, 839 So. 2d 620, 624-625 (Ala. 2002).

"Furthermore, this Court has held that, for specific in personam jurisdiction, there must exist '**a clear, firm nexus between the acts of the defendant and the consequences complained of**.' [citations omitted]." *Id*. at 625.  [emphasis supplied].

"'In the case of either general in personam jurisdiction or specific in personam jurisdiction, "the 'substantial connection' between the defendant and the forum State necessary for a finding of minimum contacts **must come about by an action of the defendant purposefully directed toward the forum State**."  [citations omitted].  This purposeful-availment requirement assures that a defendant will not be haled into a jurisdiction as a result of "'the unilateral activity of another person or a third person'"  [citations omitted]." *Worthy v. Cyberworks Techs*., 835 So. 2d 972, 976 (Ala. 2002).  [emphasis supplied].

5.      Plaintiffs submitted an online inquiry for a mortgage over the internet.  Although a handful of documents involved in this matter may have the name and logo of Bridge Capital on

them, any involvement Bridge had in this matter was at the mere inception of the inquiry by Plaintiffs. Bridge did not broker the loan, nor were they the lender or the servicer. It is unmistakable that no actions by Bridge create a "clear, firm nexus" to the consequences complained of.

6.    Also, and perhaps most importantly, Bridge received no compensation as a result of any of the transactions complained of. With regard to all steps of the financing process described in the complaint, Bridge received no money or consideration for any actions involved in the Plaintiffs' refinancing. The receipt of consideration in regard to such transactions would be the clearest indication of a "clear, firm nexus," and such a connection simply does not exist with regard to Bridge.

7.    Alabama Courts have recently had occasion to discuss the internet and its affect on personal jurisdiction:

> "To hold otherwise [than that personal jurisdiction is not appropriate for a passive website that does nothing more than advertise on the Internet] would be to declare that operation of a website and a 1-800 number automatically subjects a company to general personal jurisdiction in every state of the Union. In the undersigned's opinion, such a ruling would expand the notion of jurisdiction well beyond applicable constitutional parameters. *See, e.g., GTE New Media Services, Inc. v. BellSouth Corp.,* 199 F.3d 1343, at 1350 (theory that mere accessibility of websites in forum state constitutes minimum contacts 'cannot hold water' because '**under this view, personal jurisdiction in Internet-related cases would almost always be found in any forum in the country. We do not believe that the advent of advanced technology…should vitiate long-held and inviolate principles of federal court jurisdiction.**'); … *Snyder v. Dolphin Encounters Ltd.,* 235 F. Supp.2d 433, 441 (E.D. Pa. 2002) ('If the contacts at issue here establish general personal jurisdiction, then any corporation with websites . . . would be subject to general jurisdiction in every state.')."

*Matthews v. Brookstone Stores*, 2007 U.S. Dist. LEXIS 2262 (D. Ala. 2007). [emphasis supplied].

Keeping in mind the language of the Court above, it should be noted that Bridge did not establish, operate nor own or maintain the website to which Plaintiffs initially responded. The Complaint states that Elmer Roldan was "one of those who responded to the Plaintiffs," revealing the fact that other mortgage companies also contacted the Plaintiffs and that the website to which Plaintiffs submitted their inquiry was operated by a third party. These circumstances further distance Bridge from the "minimum contacts" standard.

8.    In this case, it appears that Plaintiffs may have had a few communications with individuals whose communication forms may have had the name Bridge Capital on them. It is possible even that Bridge may have reviewed Plaintiffs online inquiry and responded with a proposal. However, as the evidence attached to the previous Motion to Dismiss indicated, Bridge does no business in Alabama and a transaction could not occur because Bridge is not licensed in Alabama.

The *Worthy* case noted that a substantial connection for purposes of minimum contacts "must come about by an action of the defendant purposefully directed toward the forum State." It simply would defy logic that Bridge would purposefully direct any action toward the Plaintiffs in Alabama if Bridge would not be able to even consummate the ultimate transaction.

9.    The evidence presented shows a lack of a "clear, firm nexus" between Bridge and the consequences complained of by Plaintiffs. Furthermore, it is irrational to assume that Bridge would "purposefully direct" any actions toward Plaintiffs in light of the fact that Bridge is unable to facilitate a transaction in Alabama.

WHEREFORE, Defendant Bridge Capital Corporation, submits that this Honorable Court does not have jurisdiction over it and respectfully requests this Honorable Court to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b) as it pertains to them.

Respectfully submitted this 19th day of January 2007.

**__s/ Joel W. Weatherford**
Joel W. Weatherford (WEA011)
Russell N. Parrish (PAR117)
Attorneys for Defendants
FARMER, PRICE, HORNSBY
& WEATHERFORD, L.L.P.
P.O. Box 2228
Dothan, Alabama 36302
(334) 793-2424
F. (334) 793-6624
jweatherford@fphw-law.com
rparrish@fphw-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will perfect service on CM/ECF participants electronically, and a copy has been mailed by the United States Postal Service a copy to any non-participants of CM/ECF, properly addressed and postage prepaid, this 19th day of January 2007, upon the following:

Robert Edward Kirby, Jr.
Attorney for Plaintiffs,
John David Brannon and Teresa Gayle Brannon
bekatty@bellsouth.net

Mindi Cherese Robinson
Attorney for Defendants,
Finance America, LLC, BNC Mortgage, Inc., and Lehman Brothers Bank, FSB
mrobinson@slatenlaw.com

Wilson F. Green
Attorney for Defendant,
Dana Capital Group, Inc.
wgreen@bfgwc.com

Residential Finance America, LLC, *pro se*
c/o National Registered Agents, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

Tiempo Escrow II, *pro se*
c/o Steve Davis, registered agent
9171 Wilshire Blvd.
Beverly Hills, CA 90210

__ s/ Joel W. Weatherford_____