## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN DAVID BRANNON and | ) | |
| TERESA GAYLE BRANNON, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Civil Action No.:** |
| | ) | **1:06CV996 MHT** |
| FINANCE AMERICA, LLC; | ) | |
| BNC MORTGAGE, INC.; | ) | |
| LEHMAN BROTHERS BANK, FSB; | ) | |
| LEHMAN BROTHERS HOLDINGS, INC.; | ) | |
| DANA CAPITAL GROUP, INC.; | ) | |
| BRIDGE CAPITAL CORPORATION; | ) | |
| RESIDENTIAL FINANCE AMERICA, LLC | ) | |
| a/k/a RFA, LLC; and TIEMPO ESCROW II, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF BRIDGE CAPITAL CORPORATION

COMES NOW Defendant, Bridge Capital Corporation ("Bridge Capital"), and for its answer to the Complaint, states as follows:

1.      Defendant, Bridge Capital, is without sufficient information to admit or deny the material allegations contained in Paragraph 1 of Plaintiffs' Complaint, and therefore denies the same and demands strict proof thereof.

2.      Defendant, Bridge Capital, is without sufficient information to admit or deny the material allegations contained in Paragraph 2 of Plaintiffs' Complaint, and therefore denies the same and demands strict proof thereof.

3.      Defendant, Bridge Capital, is without sufficient information to admit or deny the material allegations contained in Paragraph 3 of Plaintiffs' Complaint, and therefore denies the same and demands strict proof thereof.

4.      Defendant, Bridge Capital, is without sufficient information to admit or deny the material allegations contained in Paragraph 4 of Plaintiffs' Complaint, and therefore denies the same and demands strict proof thereof.

5.      The averments of Paragraph 5 of the Plaintiffs' Complaint do not require a response by this Defendant; however, to the extent the averments of Paragraph 5 seek to impose liability upon this Defendant, this Defendant denies the same and demands strict proof thereof.

6.      Defendant, Bridge Capital, is without sufficient information to admit or deny the material allegations contained in Paragraph 6 of Plaintiffs' Complaint, and therefore denies the same and demands strict proof thereof.

7.      Defendant, Bridge Capital, admits the material allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8.      Defendant, Bridge Capital, is without sufficient information to admit or deny the material allegations contained in Paragraph 8 of Plaintiffs' Complaint, and therefore denies the same and demands strict proof thereof.

9.      Defendant, Bridge Capital, is without sufficient information to admit or deny the material allegations contained in Paragraph 9 of Plaintiffs' Complaint, and therefore denies the same and demands strict proof thereof.

10.     Defendant, Bridge Capital, admits the material allegations contained in Paragraph 10 of Plaintiffs' Complaint; although Bridge Capital denies any liability under the statutes cited as a basis of jurisdiction and on any other theory.

11.     Defendant, Bridge Capital, admits that the Court has supplemental jurisdiction over state law claims under 28 U.S.C. 1367, but denies any liability

under those claims.

12.    Defendant, Bridge Capital, admits the material allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13.    Defendant, Bridge Capital, is without sufficient information to admit or deny the material allegations contained in Paragraph 13 of Plaintiffs' Complaint, and therefore denies the same and demands strict proof thereof.

## FACTUAL ALLEGATIONS

14.    Defendant, Bridge Capital, is without sufficient information to admit or deny the material allegations contained in Paragraph 14 of Plaintiffs' Complaint, and therefore denies the same and demands strict proof thereof.

15.    Defendant, Bridge Capital, is without sufficient information to admit or deny the material allegations contained in Paragraph 15 of Plaintiffs' Complaint, and therefore denies the same and demands strict proof thereof.

16.    Defendant, Bridge Capital, is without sufficient information to admit or deny the material allegations contained in Paragraph 16 of Plaintiffs' Complaint, and therefore denies the same and demands strict proof thereof.

17.    Defendant, Bridge Capital, is without sufficient information to admit or deny the material allegations contained in Paragraph 17 of Plaintiffs' Complaint, and therefore denies the same and demands strict proof thereof.

18.    Defendant, Bridge Capital, is without sufficient information to admit or deny the material allegations contained in Paragraph 18 of Plaintiffs' Complaint, and therefore denies the same and demands strict proof thereof.

19.    Defendant, Bridge Capital, is without sufficient information to admit or

deny the material allegations contained in Paragraph 19 of Plaintiffs' Complaint and, therefore denies the same and demands strict proof thereof.

20.     Defendant, Bridge Capital, is without sufficient information to admit or deny the material allegations contained in Paragraph 20 of Plaintiffs' Complaint, and therefore denies the same and demands strict proof thereof.

21.     Defendant, Bridge Capital, is without sufficient information to admit or deny the material allegations contained in Paragraphs 21 - 38 of Plaintiffs' Complaint, and therefore denies the same and demands strict proof thereof. Further, to the extent that these allegations seek to impose liability upon the Defendant, Bridge Capital, the Defendant denies the same and demands strict proof thereon.

## COUNT I

22.     In answering Paragraph 39 of Plaintiffs' Complaint, Defendant, Bridge Capital, adopts by reference all responses as set forth above, as if set forth fully herein.

23.     Defendant, Bridge Capital, denies the material allegations contained in Paragraphs 40 - 51 of Plaintiffs' Complaint and demands strict proof thereof.

## COUNT II

24.     In answering Paragraph 52 of Plaintiffs' Complaint, Defendant, Bridge Capital, adopts and incorporates by reference all responses as set forth above, as if set forth fully herein.

25.     Defendant, Bridge Capital, denies the material allegations contained in Paragraph 53 of Plaintiffs' Complaint and demands strict proof thereof.

## COUNT III

26.    In answering Paragraph 54 of Plaintiffs' Complaint, Defendant, Bridge Capital, adopts by reference all responses as set forth above, as if set forth fully herein.

27.    Defendant, Bridge Capital, denies the material allegations contained in Paragraphs 55 - 60 of Plaintiffs' Complaint and demands strict proof thereof.

## COUNT IV

28.    In answering Paragraph 61 of Plaintiffs' Complaint, Defendant, Bridge Capital, adopts by reference all responses as set forth above, as if set forth fully herein.

29.    Defendant, Bridge Capital, denies the material allegations contained in Paragraphs 62 of Plaintiffs' Complaint and demands strict proof thereof.

30.    Defendant, Bridge Capital, is without sufficient information to admit or deny the material allegations contained in Paragraph 63 of Plaintiffs' Complaint, and therefore denies the same and demands strict proof thereof.

## COUNT V

31.    In answering Paragraph 64 of Plaintiffs' Complaint, Defendant, Bridge Capital, adopts by reference all responses set forth above, as if set forth fully herein.

32.    Defendant, Bridge Capital, denies the material allegations contained in Paragraph 65 of Plaintiffs' Complaint and demands strict proof thereof.

## COUNT VI

33.    In answering Paragraph 66 of Plaintiffs' Complaint, Defendant, Bridge

Capital, adopts by reference all responses set forth above, as if set forth fully herein.

34.    Defendant, Bridge Capital, upon information and belief, admit the allegations contained in Paragraph 67 of Plaintiffs' Complaint; but, to the extent the allegations and averments seek to impose liability on Bridge Capital, Bridge Capital denies any liability to Plaintiffs.

35.    Defendant, Bridge Capital, denies the material allegations contained in Paragraphs 68 - 71 of Plaintiffs' Complaint and demands strict proof thereof.

## COUNT VII

36.    In answering Paragraph 72 of Plaintiffs' Complaint, Defendant, Bridge Capital, adopts by reference all responses set forth above, as if set forth fully herein.

37.    Defendant, Bridge Capital, denies the material allegations contained in Paragraphs 73 - 76 of Plaintiffs' Complaint and demands strict proof thereof.

## COUNT VIII

38.    In answering Paragraph 77 of Plaintiffs' Complaint, Defendant, Bridge Capital, adopts by reference all responses set forth above, as if set forth fully herein.

39.    Defendant, Bridge Capital, admits that it was or may be deemed to have been a creditor within the meaning of the Equal Credit Opportunity Act; however, to the extent the allegations and averments of Paragraph 78 seek to allege misconduct or impose liability upon this Defendant, this Defendant denies the same and demands strict proof thereof.

40.    Defendant, Bridge Capital, denies the material allegations contained in Paragraphs 79 - 83 of Plaintiffs' Complaint and demands strict proof thereof.

### COUNT IX

41.    In answering Paragraph 84 of Plaintiffs' Complaint, Defendant, Bridge Capital, adopts by reference all responses set forth above, as if set forth fully herein.

42.    Defendant, Bridge Capital, denies the material allegations contained in Paragraphs 85 and 86 of Plaintiffs' Complaint and demands strict proof thereof.

### PRAYER FOR RELIEF

43.    In answering Paragraph 87 of Plaintiffs' Complaint, Defendant, Bridge Capital, adopts by reference all responses set forth above, as if set forth fully herein.

44.    Defendant, Bridge Capital, denies that Plaintiffs are entitled to a judgment or any relief as against it as Plaintiffs pray in Paragraph 88 of Plaintiffs' Complaint, including all subparts, and demands strict proof thereof.


### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

The Defendant, Bridge Capital, affirmatively states that to any and all paragraphs of the Plaintiffs' Complaint not otherwise specifically admitted, denied or responded to above, these Defendants deny all such paragraphs and allegations and averments therein and demand strict proof thereof.

#### SECOND AFFIRMATIVE DEFENSE

The Defendant, Bridge Capital, affirmatively states that the Plaintiffs' Complaint fails to state a claim upon which relief can be granted as to this Defendant.

<u>THIRD AFFIRMATIVE DEFENSE</u>

The Defendant, Bridge Capital, affirmatively alleges that this Court lacks jurisdiction over this Defendant.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

The Defendant, Bridge Capital, affirmatively alleges that the Plaintiffs have failed to mitigate their damages.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

The Defendant, Bridge Capital, affirmatively alleges that the Plaintiffs alleged damages, if any, were not proximately caused by any act, omissions or conduct on the part of this Defendant.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

The Defendant, Bridge Capital, affirmatively alleges that Plaintiffs' alleged damages, if any, were not proximately caused by any act, omission or conduct on the part of this Defendant but rather are attributable to acts or omissions of other parties or non-parties hereto, who are not within or under the control or supervision of this Defendant.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

The Defendant, Bridge Capital, affirmatively alleges that Plaintiffs' alleged damages, if any, were not proximately caused by any act, omission or conduct on the part of this Defendant but are instead proximately caused by the

contributory negligence of Plaintiffs themselves, or Plaintiffs' assumption of the risk.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims for punitive damages violate this Defendant's constitutional rights guaranteed by the Eighth Amendment of the Constitution of the United States of America in that said claims constitute an illegal fine.

<u>NINTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims for punitive damages violate this Defendant's rights as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America in that said claims are attempts to acquire the property of the Defendant, through state action, without due process of law.

<u>TENTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims for punitive damages violate this Defendant's rights guaranteed by the Fourteenth Amendment of the Constitution of the United States of America in that said claims are vague and not rationally related to legitimate government interests.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims for punitive damages violate the double jeopardy clause of the Constitution of the United States of America.

<u>TWELFTH AFFIRMATIVE DEFENSE</u>

The imposition of punitive damages against this Defendant would violate the due process of the Constitution of the United States and the due process of the Alabama Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any claim for punitive damages for mental anguish against this Defendant cannot be sustained because an award of such damages by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness or appropriate size of a damage award, (2) is not instructed on the limits on damages imposed by the applicable principle of deterrence and punishment, (3) is not express prohibited from awarding damages, or determining the amount of an award of damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award damages under a standard for determining liability for damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate the Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama Constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any claim for punitive damages against this Defendant cannot be sustained because of an award of damages without proof of every element beyond a reasonable doubt would violate the Defendant's due process rights under the Fourteenth Amendment of the United States Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any claim for punitive damages against this Defendant cannot be sustained, because any such award of damages would constitute an excessive fine and cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution and the Eight Amendment as incorporated into the Fourteenth Amendment and the Alabama Constitution provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages violate this Defendant's rights as guaranteed by the Fifth Amendment of the Constitution of the United States of America in that punitive damages are penal in nature, yet the Defendant may be compelled to disclose potentially incriminating documents in evidence and to testify against itself.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages violate this Defendant's rights guaranteed by the Constitution of the State of Alabama in that they are penal in nature yet require a burden of proof by Plaintiffs which is less than beyond a reasonable doubt.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages violate Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, property, except by due process of law, in that punitive

damages are vague and are not rationally related to legitimate government interests.

## NINETEENTH AFFIRMATIVE DEFENSE

Imposition of punitive damages in this action against this Defendant without a statutory limit as to the amount of said damages violates the Due Process Clause and the Defendant's guarantee of equal protection as required by the Constitution of the State of Alabama.

## TWENTIETH AFFIRMATIVE DEFENSE

Any claim for punitive damages against this Defendant cannot be sustained because an award of damages under state law for the purpose of compensating Plaintiffs for elements of damage not otherwise recognized by Alabama law would violate the Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Any claim for punitive damages against this Defendant cannot be sustained because an award of damages under Alabama law without the same protections that are afforded to all criminal defendants, including protection against unreasonable searches and seizures, double jeopardy, self-incrimination, the right to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate the Defendant's rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment and the Alabama

constitutional provisions providing for due process and the rights to confront witnesses, a speedy trial and effective assistance of counsel and protection against unreasonable searches and seizures, double jeopardy and compelled self-incrimination.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Any claim for punitive damages against this Defendant cannot be sustained, because any such award of damages exceeding the limits authorized by the Alabama Criminal Code would constitute an excessive fine and cruel and unusual punishment in violation of the Fourteenth Amendment to the Constitution of the United States Constitution and the Eighth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process  and protection against excessive fines and cruel and unusual punishment.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages violate Article I, Section 6 of the Constitution of the State of Alabama in that they are penal in nature, yet the Defendant may be compelled to disclose potentially incriminating documents in evidence and to testify against itself.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

This Defendant affirmatively states that any award of punitive damages is governed and limited by Alabama Code § 6-11-21, including all relevant subparts.

<u>TWENTY-FIFTH AFFIRMATIVE DEFENSE</u>

This Defendant reserves the right to amend this Answer as additional, further, or different information is obtained in the course of these proceedings.

Respectfully submitted this 20th day of March, 2007.

<u>/s/Joel W. Weatherford</u>
Joel W. Weatherford (WEA011)
Russell N. Parrish (PAR117)
Attorneys for Defendant
Farmer, Price, Hornsby & Weatherford, L.L.P.
Post Office Drawer 2228
Dothan, AL 36302
(334) 793-2424
(334) 793-6624 Facsimile
E-mail:   jweatherford@fphw-law.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 20, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

<u>Counsel of Record</u>:

Mindi C. Robinson, Esq.
SLATEN & O'CONNOR, P.C.
Winter-Loeb Building, Suite 101
105 Tallapoosa Street
Montgomery, AL 36104
mrobinson@slatenlaw.com

Wilson F. Green, Esq.
Battle Fleenor Green Winn & Clemmer, LLP
The Financial Center
505 North 20th Street, Suite 1150
Birmingham, AL 35203
wgreen@bfgwc.com

Robert E. Kirby, Jr., Esq.
The Kirby Law Firm
Post Office Box 606
Columbiana, AL 35051
bkirby@bkirbylaw.com

*/s/ Joel W. Weatherford*
Of Counsel