## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN DAVID BRANNON and | ) | |
| TERESA GAYLE BRANNON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.:  1:06cv996 MHT |
| | ) | |
| FINANCE AMERICA, LLC; | ) | |
| BNC MORTGAGE, INC.; | ) | |
| LEHMAN BROTHERS BANK, FSB; | ) | |
| LEHMAN BROTHERS HOLDINGS, INC.; | ) | |
| DANA CAPITAL GROUP, INC.; | ) | |
| BRIDGE CAPITAL CORPORATION; | ) | |
| RESIDENTIAL FINANCE AMERICA, | ) | |
| LLC a/k/a RFA, LLC; TIEMPO ESCROW | ) | |
| II; | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' MOTION TO COMPEL DEPOSITION OF BRIDGE CAPITAL CORPORATION

**COME NOW** Plaintiffs in the above-styled cause and move this Honorable Court to enter an Order requiring BRIDGE CAPITAL to produce documents and appear for deposition.  As grounds therefore Plaintiffs state as follows:

1.      On February 4, 2008, plaintiffs through the undersigned properly noticed the 30b(6) deposition of defendant BRIDGE CAPITAL for February 21, 2008.  *(See notice attached)*

2.      Plaintiffs included a document request with the deposition notice pursuant to Rule 30b(5) FRCP.

3.    BRIDGE CAPITAL failed to appear for deposition and has failed and refused to respond to plaintiffs' document request.

**WHEREFORE PREMISES CONSIDERED**, Plaintiffs' humbly request that this Honorable Court enter an Order compelling BRIDGE CAPITAL CORPORATION to respond to plaintiffs' document requests and appear for deposition within twenty-days from the date of the Order.

Respectfully Submitted,

*/s/ Robert E. Kirby, Jr.*
ROBERT E. KIRBY, JR. (KIR013)
Attorney for Plaintiffs
THE KIRBY LAW FIRM
4000 Eagle Point Corporate Drive
Birmingham, AL  35242
Telephone:    (205) 254-0975
Fax:             (205) 314-5799
Email:          bkirby@bkirbylaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

*Counsel of Record:*
Mindi C. Robinson, Esq.             mrobinson@slatenlaw.com

*/s/ Robert E. Kirby, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that on **January 18, 2008** I also served a paper copy of the foregoing upon the following counsel and defendants who are either: Not registered participants of the CM/ECF system; have not appeared in this case; and/or are unrepresented by counsel; by placing same in the U.S. mail:

2

**BRIDGE CAPITAL CORPORATION**
c/o CT Corporation System
818 West 7th Street
Los Angeles, CA 90017


/s/ Robert E. Kirby, Jr.

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN DAVID BRANNON and | ) | |
| TERESA GAYLE BRANNON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.:  1:06cv996 MHT |
| | ) | |
| FINANCE AMERICA, LLC; | ) | |
| BNC MORTGAGE, INC.; | ) | |
| LEHMAN BROTHERS BANK, FSB; | ) | <u>JURY DEMAND</u> |
| LEHMAN BROTHERS HOLDINGS, INC.; | ) | |
| DANA CAPITAL GROUP, INC.; | ) | |
| BRIDGE CAPITAL CORPORATION; | ) | |
| RESIDENTIAL FINANCE AMERICA, | ) | |
| LLC a/k/a RFA, LLC; TIEMPO ESCROW | ) | |
| II; | ) | |
| | ) | |
| Defendants. | ) | |

<u>NOTICE OF TAKING VIDEO 30(b)(6) DEPOSITION</u>
<u>&</u>
<u>30(b)(5) DOCUMENT REQUEST</u>

PLEASE TAKE NOTICE that, pursuant to Rules 30(b)(5)&(6) and 34, of the Federal Rules of Civil Procedure, Plaintiff will take the deposition of Defendant **BRIDGE CAPITAL CORPORATION** upon oral examination before an officer authorized by law to administer oaths.  Pursuant to Rule 30(b)(2) of the Federal Rules of Civil Procedure said deposition will be recorded by an authorized stenographer and videotaped.

Said deposition shall commence at <u>1:30 P. M. CST, on THURSDAY,</u> <u>February 21, 2008,</u> at THE KIRBY LAW FIRM, 4000 Eagle Point Corporate

Drive, Birmingham, AL 35242.; and shall continue and/or be resumed from time to time thereafter until same is completed.

Pursuant to Rule 30(b)(5) of the Federal Rules of Civil Procedure, Plaintiff includes herewith document requests pursuant to Rule 34 of the Federal Rules of Civil Procedure. Plaintiff's counsel reserves the right to review all documents produced on the day of the deposition prior to commencement of testimony regardless of the time stated herein for the start of said deposition.

Plaintiff further requests, pursuant to Rule 30(b)(6), that this Defendant produce for deposition a witness, or multiple witnesses, knowledgeable and capable of providing substantive testimony about the documents and item categories requested below.

Plaintiff's detailed requests for documents and testimony below are subdivided into four (4) general categories. Each category may require this Defendant to proffer more than one witness in order to comply with the Rules identified above.

**<u>Definitions</u>**:

The following definitions are intended to explain and narrow the requests below. Nothing within these definitions is intended to expand or change the normal, usual or customary meaning of any word or phrase. The intent of these definitions is to include mortgage lending terminology that may vary between lenders:

<u>Broker</u>: Is intended to include that category of loan originator such as which submits mortgage loan applications to you for underwriting, and/or sells or assigns mortgage loans to you. Other names that you may use for this category of entity or individual may include but not be limited to: Loan correspondent; wholesaler;

retailer; originator; loan representative; loan client representative; direct endorsement lender; etc.

**<u>Instructions</u>**:

Plaintiff limit their inquiry in time and scope to the state of Alabama, and for a period of five (5) years next preceding the date Plaintiff's original 1003 application was obtained.

Any objections made to the production of documents or testimony requested below on the basis of confidentiality, privilege, work product, propriety information, trade secrets, privacy laws, or other grounds, should be stated precisely, with particularity, supported by authority and in sufficient detail to allow Plaintiff to formulate a response. Said objections, if any, shall be accompanied by a complete and descriptive log of each and every document or thing subject to your objection.

Where the following requests seek original documents, Plaintiff request that said originals, bearing original signatures, endorsements, and/or stamps, be produced at the deposition. Copies of those originals should be produced in advance of the deposition in accordance with Rules 34 and 30(b)(5) in order to expedite the depositions. <u>However, prior production of copies does not satisfy the request for that the original documents be made available at deposition.</u>

## <u>GENERAL AREAS OF INQUIRY</u>

A.    The origination, processing, underwriting, approval, closing, funding, disbursements, servicing, assignment, purchase or sale of Plaintiff's mortgage loan.

B.    This Defendant's standard operating procedures in the areas of: Employee selection and training; broker selection and training; departmental staffing; management review and monitoring of employees and brokers; and, supervision of employees and brokers related to originating, processing,

underwriting, approving, closing, funding, disbursement, servicing, and assignment of mortgage loans.

**C.**     This Defendant's quality control programs that include review and/or monitoring of the: Originating, processing, underwriting, approving, closing, funding, disbursement, and servicing of mortgage loans; and, property appraisals.

**D.**     This Defendant's standard operating procedures, training, staffing, management review, monitoring and supervision of compliance with state and federal lending laws including TILA, RESPA, ECOA, state predatory lending laws, and state unlawful or deceptive practices statutes.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND TESTIMONY

**A.**     **Origination, processing, underwriting, approval, closing, funding, disbursements, servicing, purchase, assignment or sale of Plaintiff's loan**

   **1.**     Testimony and documents regarding all components and documents which are included in your files regarding Plaintiff's mortgage loan.

   **2.**     Produce the **original**, handwritten 1003 application(s) purportedly executed by the Plaintiff.

   **3.**     Produce the **original** closing documents purportedly executed by the Plaintiff, including the originals of any documents bearing a notary seal where the documents required such.

   **4.**     Produce all call logs that were generated as part of Plaintiff's application(s), file(s) or servicing of her account(s).

   **5.**     Produce and provide testimony about all documents provided to Plaintiff prior to the closing of the mortgage loan.

   **6.**     Provide testimony and documents about the processing and underwriting of Plaintiff's mortgage loan including but not limited to:

      **a.**     All information gathered and when;

      **b.**     All decisions made and when, and by whom;

      **c.**     The mathematical calculations performed to arrive at the pre-closing starting rate, origination fees, administration fees,

document fees, prepayment penalties, property values, loan to value, and discount points reported on any Good Faith Estimate and Preliminary Truth in Lending Disclosure Statement provided to Plaintiff prior to the loan being closed;

d. Any and all information relied upon to create any Good Faith Estimate and Preliminary Truth in Lending Disclosure Statement provided to Plaintiff prior to the loan being closed;

e. Any and all information relied upon to change any and all terms from those disclosed in any Good Faith Estimate and Preliminary Truth in Lending Disclosure Statement provided to Plaintiff prior to the loan being closed; and,

7. Provide testimony and documents regarding each and every disclosure made to Plaintiff prior to closing that informed Plaintiff of the terms of the mortgage loan.

8. Provide testimony regarding the closing of the loan including but not limited to:

a. The name, address, qualifications, and compensation of the closing agent, including the names of any bar associations to which he/she belongs;

b. Any and all closing instructions you provided;

c. Details regarding the preparation of each closing document executed by Plaintiff; and,

d. Any and all costs charged to the Plaintiff for the preparation of any such documents and the closing of the loan.

9. Produce documents and testimony that detail the purchase, sale or assignment of Plaintiff's loan or Note including but not limited to:

a. Transfer or assignment documents;

b. All daily rate sheets provided by you to any other Defendant for the period between the dates the original 1003 was prepared and/or executed by the Plaintiff, and closing;

c. All contracts and/or correspondent lender agreements between you and any other Defendant;

d. Any and all manuals, procedures, directives, guidelines, criteria, or other instructions provided by you to Any Defendant in this

case which informed or instructed Any Defendant in this case as to your processing or underwriting requirements; and,

e.  All performance and default reports exchanged between you and Any Defendant in this case.

**B.  Standard operating procedures, employee and broker selection and training, departmental staffing, management review and monitoring, and supervision related to originating, processing, underwriting, approving, closing, funding, disbursement, servicing, and assignment of loans**

10.  Produce testimony and documents regarding the retaining, contracting with, hiring, training, monitoring, reviewing, compensation, and supervising of processors, underwriters, quality control employees and contractors, regional managers, and other employees by whatever name known including but not limited to those employees assigned to identify, evaluate, investigate, retain and monitor closing agents, loan brokers, and appraisers.

11.  Produce testimony and documents regarding the identity, addresses, experience and training of the loan officer(s), processor(s), and underwriter(s) which participated in Plaintiff's loan.

12.  Provide testimony and documents that describe each step or function a processor is required to perform in the processing of each loan application, describing in detail the flow chart of events.

13.  Provide testimony and documents that describe each step or function an underwriter is required to perform in the underwriting of each loan application, describing in detail the flow chart of events.

14.  Provide testimony and documents that detail any and all communications between you and the closing or title agent, Plaintiff, or Any Defendant in this case related to Plaintiff's loan. This request includes but is not limited to those communications which were conducted by the use of the U.S. Mail, the Internet, interstate telephone calls, or wire transfer. For each communication or transfer of information, data, or money, provide specific dates of each together with the individual names and addresses of each sender and recipient.

6

15.   Provide testimony and documents which comprise your entire due diligence, contract, quality control, and financial files on Any Defendant in this case.

**C.   <u>Quality control programs that include review and/or monitoring of the originating, processing, underwriting, approving, closing, funding, disbursement, and servicing of loans</u>**

16.   Provide testimony and documents regarding any and all quality control (QC) programs you have in place to review the quality and compliance of the origination, processing, and underwriting of loans that you fund and/or purchase.  This request seeks QC programs and reports that monitor and report the compliance of loan originators with your own rules and procedures, as well as with any rules, laws, statutes, or regulations imposed by any governmental agency, legislature, and other law making body.

17.   Produce all QC reports on Alabama mortgage loans originated by you, or originated by a broker which you processed, funded and/or purchased; for a period of five (5) years next preceding the date of Plaintiff's initial 1003 application.  This request includes but is not limited to those loans originated by Any Defendant in this case.

18.   Produce testimony and documents regarding any and all outsourcing of the quality control function including the name and location of the vendor, the guidelines you provide, the reporting procedure followed, and the percentage of loans they review.

19.   Testimony and documents regarding any and all quality control reviews, re-underwrites, re-processing reports, broker's price opinions, and/or other review performed on Plaintiff's loan.

20.   Testimony and documents that explain any and all quality control requirements, reports, summaries, guidelines, mandates, results, or other direction given by you to any other Defendant in this case.

21.   Produce a complete list of the names and property addresses for each and every mortgage loan you funded or purchased within the State of Alabama for the five (5) years next preceding the date of Plaintiff loan.

**D.**    **Standard operating procedures, training, staffing, management review, and supervision related to compliance with state and federal lending laws including TILA, RESPA, ECOA, state predatory lending laws, and state deceptive or unlawful practices statutes**

22.    Testimony and documents that describe the systems, procedures, and personnel, you use to ensure compliance with TILA, the Fair Credit Reporting Act, RESPA, and the ECOA, in the originating, processing, underwriting, closing, and funding of mortgage loans.

23.    Testimony and documents that describe the systems, procedures, and personnel, you use to communicate your policies to loan originators including your own employees and external loan brokers, processors, underwriters, and closing agents.

24.    Testimony and documents that describe the systems, procedures, and personnel, you use to monitor or review the compliance of loan originators, processors, underwriters, and closing agents with your policies.  Produce specifically any and all report forms that evidence the reporting format of such a review or monitoring system.

25.    Testimony and documents regarding any and all complaints, orders, investigations, and/or consent orders you have received, been the subject of, or entered into with regard to your mortgage lending practices.  This requests includes but is not limited to any such matters involving any government agency or body including but not limited any State Attorney Generals, the Federal Trade Commission, the U. S. Senate or any subcommittee thereof, any and all community action groups including but not limited to ACORN, and, any private class action lawsuits.

26.    Testimony and documents regarding any and all complaints, orders, investigations, and/or consent orders you have received, been the subject of, instigated, conducted or entered into with regard to Any Defendant in this case.

27.    Testimony and documents regarding the current status of your relationship with any Defendant in this case.

Respectfully Submitted,

*/s/ Robert E. Kirby, Jr.*
ROBERT E. KIRBY, JR. (KIR013)
Attorney for Plaintiffs
THE KIRBY LAW FIRM
4000 Eagle Point Corporate Drive
Birmingham, AL  35242
Telephone:    (205) 254-0975
Fax:              (205) 314-5799
Email:          bkirby@bkirbylaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2008, I electronically filed a notice of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

*Counsel of Record*:
Mindi C. Robinson, Esq.              mrobinson@slatenlaw.com

*/s/ Robert E. Kirby, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2008 I also served a paper copy of the foregoing upon the following counsel and defendants who are either: Not registered participants of the CM/ECF system; have not appeared in this case; and/or are unrepresented by counsel; by placing same in the U.S. mail postage prepaid:

**DANA CAPITAL GROUP, INC.**
c/o  The Corporation Company
2000 Interstate Park Drive
Montgomery, AL 36109

**BRIDGE CAPITAL CORPORATION**
c/o CT Corporation System
818 West 7th Street
Los Angeles, CA 90017

*/s/ Robert E. Kirby, Jr.*